William R. JANOWSKI and Robert H. Barnhisel, individually and on behalf of all others similarly situated, Plaintiffs-Appellees,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, William D. Joyce, John D. Lelahan, Anthony Curcio, Robert J. Baker, John J. Barranco and Roy M. Pride, Defendants-Appellants.

No. 85–1287.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 29, 1986.

Decided Feb. 9, 1987.

As Corrected March 9, 1987.

Marvin Gittler, Asher Pavalon Gittler & Greenfield, Chicago, Ill., for defendants-appellants.

Michael J. Freed, Much, Shelist, Freed, Denenbert, Ament & Eiger, Chicago, Ill., for plaintiffs-appellees.

Before BAUER, Chief Judge, and CUMMINGS and POSNER, Circuit Judges.

BAUER, Chief Judge.

The issue in this appeal is whether the district court properly exercised its discretion in awarding plaintiffs attorneys' fees and costs including prejudgment interest. We hold that plaintiffs are not "the prevailing parties" in this litigation and therefore reverse the district court's award of attorneys' fees and costs.

I.

This case involved a challenge by two participants of the International Brotherhood of Teamsters Local No. 710 Pension Fund ("the Fund") to five separate and

distinct amendments to the Pension Plan ("the Plan") which became effective February 1, 1976, and were adopted to effect the changes required by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Two plan participants, William R. Janowski and Robert H. Barnhisel (collectively Janowski), brought suit alleging that the amendments deprived them of benefits which vested before ERISA became effective. The suit ultimately proceeded as a class action on behalf of all pre-ERISA participants of the Fund whose early retirement benefits were, or might be, affected by the amendments.

On appeal from the district court's decision on cross-motions for summary judgment and award of attorneys' fees and costs to plaintiffs' counsel, we affirmed in part and reversed in part the district court's decisions. We affirmed the attorney fee award. 673 F.2d 931 (7th Cir.1982). Defendants petitioned the Supreme Court for a writ of certiorari to review our determinations on attorneys' fees and plaintiffs' standing to challenge one of the amendments—the part-time service issue. The Supreme Court granted defendants' petition, vacated our decisions regarding attorneys' fees and plaintiffs' standing to challenge the part-time service issue, and remanded these issues to the district court for further consideration in light of *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

The district court granted defendants' motion for summary judgment on the part-time service issue, finding that plaintiffs lacked standing to challenge this Plan provision. The district court awarded plaintiffs' counsel attorneys' fees of $57,820.00 and costs of $805.00 enhanced by prejudgment interest. Application of the interest award increased the attorneys' fee award to $77,794.60. Defendants appeal from the district court's award of attorneys' fees and costs on the ground that no fees should have been awarded because defendants ultimately prevailed on every substantive challenge to the Plan alleged by plaintiffs. We agree.

The Fund was created in 1955 pursuant to a collective bargaining agreement. It provided for retirement, survivor, disability, and death benefits for which the employer contributed on behalf of its employees. The Plan was amended on April 21, 1976, but was retroactively effective as of February 1, 1976. After the amendments, the Plan was submitted to the IRS and approved. In January 1978, a booklet describing the revisions and reprinting the test of the new Plan was published for Plan participants. Plaintiffs brought suit challenging five separate plan amendments. These issues are fully described in our decision at 673 F.2d 931 (7th Cir.1982). We summarize these five challenges to the Plan and note their ultimate disposition.

### A.  *The Age 65 Issue*

Plaintiffs alleged that the trustees of the Fund violated their fiduciary duties under ERISA by designating age 65 as the normal retirement age under the amended Plan. Plaintiffs argued that early retirement benefits had been unlawfully actuarially calculated, and that participants' rights to receive benefits at age 57 had been infringed in addition to losing their rights to preretirement survivor benefits. The district court granted summary judgment in favor of defendants on the age 65 issue. We affirmed and plaintiffs' petition for a writ of certiorari on this issue was denied.

### B.  *The Accrued Benefit Issue*

Plaintiffs argued that the amended Plan used the wrong formula under 29 U.S.C. § 1054(b)(1)(D) to calculate a participants' accrued benefit for pre-ERISA years of service. The district court agreed, reasoning that participants were entitled to an implied accrual of benefits rather than the old plan which had no accrued benefit formula. We rejected the concept of implied accrual of benefits because 29 U.S.C. § 1054(b)(1)(D) did not specifically provide that a formula based on required years of service be implied and there was no accrued benefit formula in the prior plan. We therefore reversed the district court on this issue.

## C. The Early Retirement and Deferred Benefit Issues

Plaintiffs argued that the amended Plan provided reduced benefits compared to benefits provided under the prior Plan. The district court issued an injunction that required changes be made to the Plan. However, early retirement and deferred benefits under the prior Plan had not been reduced, but had been inadvertently omitted from the January, 1978 Summary Plan Description booklet. We resolved this issue in our earlier decision pointing out that the prior Plan's scheduled benefits had never, in fact, been reduced and that no participant had been deprived of a benefit.

## D. The Part-Time Service Issue

Plaintiffs argued that the amended Plan's method of accrual for part-time service was insufficiently ratable to be reasonable under 26 U.S.C. § 411(b)(3)(B). The district court agreed and we affirmed the district court on this issue. Defendants petitioned the Supreme Court for a writ of certiorari on the issues of standing and attorneys' fees. The Supreme Court granted defendants' petition, vacated our judgment and remanded for further consideration. On remand, the district court granted defendants' motion for summary judgment on the part-time service issue on the ground that the plaintiffs lacked standing to challenge that Plan provision. Plaintiffs have not appealed this ruling.

## E. The Attorneys' Fee Proceedings

Following its original 1980 summary judgment decision, the district court awarded plaintiffs' counsel $142,485 in attorneys' fees. We affirmed the fee award. This was vacated by the Supreme Court and we remanded the issue to the district court for further evidence. After directing plaintiffs to file a revised fee request to exclude compensation for the part-time service issue, the district court awarded plaintiffs' counsel attorneys' fees of $57,820 and costs of $805 enhanced by prejudgment interest increasing the attorneys' fee awarded to $77,794.60.

## II.

Plaintiffs argue that they are the "prevailing parties" for attorneys' fees purposes because they caused the trustees of the Fund to reform the amended Plan to bring it in compliance with ERISA. Plaintiffs argue that as a direct consequence of this lawsuit, defendants modified the amended Plan with respect to three critical issues: the benefits for early retirees, the benefits for vested employees, and the additional credit for part-time service. Plaintiffs, relying on *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) argue that because they succeeded in "any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit" that they are therefore entitled to attorneys' fees as prevailing parties. (Brief for Appellee at 9.) In addition, plaintiffs argue that they are "prevailing parties" for attorneys' fees purposes because their lawsuit induced defendants to take voluntary action to meet one or more claims raised in the action. We reverse the decision of the district court because plaintiffs are not "prevailing parties" under § 1988, as interpreted in *Hensley*.

The Supreme Court, in *Hensley*, articulated the proper relationship of the results obtained to an award of attorneys' fees. First, a plaintiff must be a "prevailing party" to recover attorneys' fees under § 1988. The standard for making this threshold determination is that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Nadeau v. Helgemoe*, 581 F.2d 275, 278–279 (1978). The *Hensley* Court held that plaintiffs' success is the crucial factor in determining the proper amount of an award of attorneys' fees.

Application of this principle is particularly important in complex litigation involving a great expenditure of attorneys' time. Although plaintiffs have expended over 600 billable hours in attorneys' fees, the record indicates that plaintiffs have not succeeded

on any of the substantive issues in this litigation and thus the district court should award only that amount of fees that is reasonable in relation to the results obtained. *See Hensley,* 461 U.S. at 440, 103 S.Ct. at 1943. Plaintiffs claim that the following amendments violated ERISA: (1) the designation of age 65 as the normal retirement age; (2) the methods adopted for calculating accrued benefits for pre-ERISA service; (3) the methods for calculating accrued benefits for part-time service; (4) the methods for calculating early retirement benefits; and (5) the methods adopted for calculating vested retirement benefits. As we stated above, defendants have prevailed on each of these substantive issues, either because the district court ruled against plaintiffs or because plaintiffs lacked standing. On the basis of this record, in light of *Hensley,* we hold that it was unreasonable to award fees.

■ Plaintiffs rely on our holding in *Harrington v. DeVito,* 656 F.2d 264 (7th Cir.1981) to support the proposition that they prevailed in this litigation. In *Harrington* we set forth a two-pronged test for determining prevailing party status. First, "the plaintiff's lawsuit must be causally linked to the achievement or the relief obtained." Second, "the defendant must not have acted wholly gratuitously, *i.e.* the plaintiffs' claims, if pressed, cannot have been frivolous, unreasonable, or groundless." *Id.* at 266–67.[1] Plaintiffs argue that their lawsuit motivated defendants to bring the amended Plan into compliance with ERISA. They assert that the trustees of the Fund reformed the Plan to provide both the benefits payable to early retirees and the benefits payable to vested participants which had been unlawfully eliminated from the Plan. The record, however, does not support this conclusion. The district court found that the option to receive the scheduled benefits of the pre-ERISA plan or the benefits of the amended Plan always existed and had never been elimi-

nated. The district court found that the pre-ERISA benefits were inadvertently omitted from the booklet and that omission was corrected in the following year's booklet. In our original decision we held that plaintiffs were not entitled to any relief because a disclosure omission, not an unlawful reduction of benefits, occurred and no participant had been refused prior Plan scheduled benefits. Because plaintiffs have not met the test for "prevailing parties" under *Harrington* or *Hensley* the judgment of the district court is

REVERSED.

---

1. As we explained in *Palmer v. City of Chicago,* 806 F.2d 1316, 1323 (7th Cir.1986), where, as in the present case, the plaintiff loses on the merits, the plaintiff is not entitled to any award of attorney's fees, even if its suit is nonfrivolous and conferred a benefit on the plaintiff; *Harrington's* test is designed for the quite different situation where the plaintiff obtains a settlement. However, even if that test is applied here, the plaintiff must lose.